## No. 894.

### ETHAN ALLEN vs. ELIZABETH McWATERS, WIFE, ET AL.

The mortgage debt, the payment of which was extended from 1861 to the first of March, 1862, became exigible at that epoch. The conditions of that extension were the payment of certain interest and of all lawyer's fees and other necessary expenses that might accrue in the event of the plaintiff's having to resort to compulsory means to enforce payment of his mortgage debt. Payment not being made in March, 1862, the plaintiff could have proceeded on his mortgage note and also upon his claim of six hundred dollars paid by him for attorney's fees and costs. Prescription therefore began to run upon the six-hundred-dollar claim from the first of March, 1862. The plaintiff instituted this suit on this claim in May, 1872—more than ten years having intervened between the time when he might have brought this action and the date at which he did bring it. The demand is barred.

APPEAL from the Third Judicial District Court, parish of St. Mary. *Train*, J.   *Fred. Gates*, for plaintiff and appellant.   *James McClarty* and *Robert S. Perry*, for defendants and appellees.

TALIAFERRO, J.   The defendant being indebted to the plaintiff in a large sum, for which the latter held her promissory note, secured by mortgage, and due early in 1861, agreed with the plaintiff, in consideration of his extending the time of payment to March, 1862, to pay the interest due for the year 1860 and the interest in advance for 1861, and, moreover, to pay all expenses of lawyer's fees and other necessary expenses that might accrue in the event of the plaintiff having to resort to compulsory means to enforce payment of his mortgage debt. In 1867 the plaintiff instituted suit on the defendant's note, and contracted with his attorney to give him a fee of six hundred dollars, and for which he gave his note to the attorney on the thirtieth of May, 1867. The agree-

ment entered into between the plaintiff and defendant in regard to the extension of time, etc., was in writing, and dated February 21, 1861.

In March, 1870, it appears that the plaintiff paid his note of six hundred dollars given to the attorney for professional services rendered in the proceedings taken against the defendant by the plaintiff, and in May, 1872, he instituted this suit against the defendant to recover the six hundred dollars he had so paid, in conformity with the agreement of the twenty-first of February, 1861.

The defendant, in bar of the plaintiff's claim, pleaded the prescription of three, five, and ten years. The plea was sustained by the lower court, and judgment rendered dismissing the plaintiff's demand. The plaintiff has appealed.

The mortgage debt, the payment of which was extended to March, 1862, was then exigible. Payment not being made, the plaintiff could have proceeded on his mortgage note and also upon his claim of six hundred dollars paid by him for attorney's fees and costs. Prescription, therefore, began to run upon this six-hundred-dollar claim from the first of March, 1862. The plaintiff instituted suit on this claim in May, 1872, more than ten years having intervened between the time when he might have brought this action and the date at which he did bring it. The demand was, therefore, barred by the prescription of ten years.

It is therefore ordered that the judgment of the lower court be affirmed with costs.

----

MORGAN, J., *dissenting.* I think the judgment of the district court should be reversed. The defendant had a right to contract that, in case counsel should be employed to enforce the payment of a note due by him, he would pay the counsel so employed. This contract he made. He did not pay his note. Counsel was employed to enforce payment, and plaintiff contracted to pay counsel six hundred dollars for his services, for which plaintiff gave him his note. The note was paid.

It is possible that plaintiff might have included this amount in the demand which he made when the suit was brought. But I think he could have made the demand then, or by a separate action and at a different time. His rights were not destroyed simply because he did not assert them at a particular time or in a particular form.

The defendant's contract was to pay in case the plaintiff paid. The plaintiff did pay, and for the amount paid I think the defendant is liable.

As to the prescription, upon which the case turns here, I do not think it applies. The fee was paid in a note. When the note was paid the plaintiff's right accrued, and not before. This suit was brought within the proper time.

I therefore dissent.